**In the Matter of THE PUBLIC BENEVOLENT TRUST U/W Mary Powell CRUME, deceased; Indianapolis Humane Society, Trustee,**

**Norma Jean Balcom; Spay–Neuter Services of Indiana, Inc., Alliance for Responsible Pet Ownership, Inc.; Home for Friendless Animals, Inc.; Southside Animal Shelter, Inc.; and Move to Act, Appellants–Petitioners,**

**v.**

**The Humane Society of Indianapolis, Inc., and Attorney General of Indiana, Appellees–Respondents.**

**No. 49A05–0409–CV–489.**

Court of Appeals of Indiana.

Sept. 22, 2005.

---

Veronica L. Jarnagin, Indianapolis, Indiana, Geoffrey Slaughter, Maggie L. Smith, Sommer Barnard Attorneys, P.C., Indianapolis, for Appellant.

Alan J. Irvin, Peter H. Donahoe, Hill Fulwider McDowell Funk & Matthews, P.C., Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy At-torney General, Indianapolis, for Appellees.

## OPINION ON REHEARING

MAY, Judge.

A coalition of animal welfare providers, including Spay–Neuter Services of Indiana, the Home for Friendless Animals, the Southside Animal Shelter, the Alliance for Responsible Pet Ownership, and Move to ACT (collectively, "the Animal Welfare Providers") brought an action that we reviewed in *In re Pub. Benevolent Trust of Crume*, 829 N.E.2d 1039 (Ind.Ct.App. 2005). The Animal Welfare Providers challenged the grant of a petition by the Humane Society of Indianapolis to pledge most of the assets it held as beneficiary and trustee of a public charitable trust. In our original opinion, we determined 1) the Animal Welfare Providers did not have an interest in the administration or benefits of the Trust sufficient to confer standing under Ind.Code § 30–4–5–12(c), and 2) the *cy pres* and equitable deviation doctrines did not apply to permit the Animal Welfare Providers to be substituted as trustee or beneficiary.

We reaffirm our opinion but grant rehearing to address the Animal Welfare Providers' argument that the trial court already had applied the equitable deviation doctrine to the Trust.

The Animal Welfare Providers challenge our statement "Neither doctrine [equitable deviation or *cy pres*] is presently applicable to the Crume Trust[.]" 829 N.E.2d at 1047. Under the equitable deviation doctrine trustees may "deviate from the mechanical means of administration of the trust where circumstances not known or foreseen by the testator have come about, and where such change in circumstances in combination with the administrative means provided in the trust would

defeat or substantially impair the accomplishment of the intended trust purpose." *Sendak v. Trustees of Purdue University,* 151 Ind.App. 372, 379–380, 279 N.E.2d 840, 845 (1972).

 The Animal Welfare Providers argument appears to be that the equitable deviation doctrine has, in effect, *already been* applied to the Trust because the Humane Society alleged in its petition to pledge that there were unforeseen circumstances, the current administrative provisions of the trust did not allow for pledging assets, and the inability to pledge would defeat or impair the accomplishment of the trust purpose. Therefore, the Animal Welfare Providers suggest, the trial court was at least implicitly applying the equitable deviation doctrine when it allowed the pledge, and we were therefore wrong to say the doctrine is "not applicable."

Because the doctrine is already "applicable," the Animal Welfare Providers say, it should be available to them too. We disagree. The "deviation" permitted by the "equitable deviation" doctrine is a deviation from "the *mechanical means of administration* of the trust." The Animal Welfare Providers propose to use the doctrine to permit them to be substituted as trustee or beneficiary of the trust. The Animal Welfare Providers offer no authority to support their apparent premise that the substitution of a trustee or beneficiary is included in the category of "mechanical" deviations from "administrative" procedures permitted under the doctrine, and we decline to so hold. *See, e.g., In re Will of Scheele,* 517 N.E.2d 418, 426 (Ind.Ct. App.1987) (doctrine of equitable deviation did not apply to claim that testator intended daughter and son to share property equally under will, as claimant was requesting deviation from the "method of distribution" rather than deviation from

"administrative terms" of the trust), *reh'g denied, trans. denied.*

While the Animal Welfare Providers' petition for rehearing is granted, our original opinion stands in all respects.

SHARPNACK, J., and VAIDIK, J., concur.